NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| GUMMERSINDO J. PINHO and DANIELLE PINHO,  :<br><br>            Plaintiffs,  :<br><br>          v.  :<br><br>ALBERTO R. GONZALES, Attorney General of the United States, MICHAEL CHERTOFF, Secretary of the Department of Homeland Security; ANDREA QUARANTILLO, District Director Newark District of the United States Citizenship and Immigration Services; DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES.  :<br><br>            Defendants. | **Hon. Dennis M. Cavanaugh**<br><br>**OPINION**<br><br>Civil Action No.  03-6232 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter initially came before the Court upon Alberto R. Gonzales[1], Michael Chertoff, Andrea Quarantillo, Department of Homeland Security; United States Citizenship and Immigration Services' ("Defendants") motion to dismiss Gummersindo J. Pinho and Danielle Pinho's ("Plaintiffs") Complaint pursuant to Fed. R. Civ. P. 12(b)(6), and Plaintiffs' motion for summary judgment pursuant Fed. R. Civ. P. 56. On August 9, 2004, the Court denied Plaintiffs' motion for summary judgment and granted Defendants' motion to dismiss. On September 27,

---

[1] In its December 20, 2005 Opinion, the Third Circuit noted that Defendants Gonzalez and Chertoff are properly substituted for original Defendants John Ashcroft and Tom Ridge pursuant to Fed. R. App. P. 43(c)

2004, Plaintiffs appealed this Court's decision to the Third Circuit.  On December 20, 2005, the Third Circuit issued a Judgment and accompanying Opinion reversing this Court's August 9, 2004 decision and remanding the matter for further proceedings consistent with its Opinion.  The Court now reconsiders Defendants' motion to dismiss and Plaintiffs' motion for summary judgment.  For the following reasons, Defendants' motion to dismiss is **denied** and Plaintiffs' motion for summary judgment is **granted**.

## I.  FACTUAL BACKGROUND

The facts of this case were recited in detail in this Court's August 9, 2004 Opinion.  The facts were again revisited in the Third Circuit's December 20, 2005 Opinion.  In the interest of judicial economy, the facts will not be again restated here.

In its August 2004 decision, this Court concluded that Mr. Pinho's vacated 1992 conviction[2] should be treated as a "conviction" for immigration purposes on the grounds that Mr. Pinho's inneffective assistance of counsel claim[3] was a legal argument formulated for the purpose of gaining an advantage in applying for immigration status, and was not established by the record.  Pinho, No. 03-CV-6232, at 10.  This Court held that Mr. Pinho's vacatur was based on his admission into a pre-trial intervention program ("PTI"), and as such Mr. Pinho's conviction barred adjustment of his immigration status to "permanent resident."  Id. at 3.  This Court considered the Newark District Office of the Immigration and Naturalization Service's

---

[2]On August 17, 1992, Mr. Pinho pled guilty to (Count I) possession of a controlled dangerous substance, (Count II) possession with intent to distribute, and (Count III) possession with intent to distribute on or near school property.  Pinho, No. 03-CV-6232, at 3.  On October 13, 1992, he was sentenced to two years probation.  Id.

[3]Plaintiffs contend that Mr. Pinho's defense counsel failed to ascertain whether his conduct underlying Count III had actually occurred near a school, since the building had, at the time of the offense, been converted into a storage facility.  Pinho v. Gonzales, 432 F.3d 193, 216 (3d Cir. 2005).

("INS") denial of Mr. Pinho's application for adjustment based on his 1992 drug conviction appropriate and granted Defendants' motion for summary judgment. Id. at 10-11.

In reversing this Court's August 9, 2004 decision, the Third Circuit formulated a categorical test for courts to use in determining when to draw a "distinction between convictions vacated on the basis of a procedural or substantive defect in the underlying proceedings and those vacated because of post-convictions events, such as rehabilitation or immigration hardships." Pinho, 432 F.3d at 193.  The Third Circuit accepted the Board of Immigration Appeals' ("BIA") interpretation of 8 U.S.C.S § 1101(a)(48)(A).  The BIA construed the statute to mean that only those convictions vacated because of a defect in the underlying criminal proceedings, and not those vacaturs granted for rehabilitative purposes, would permit immigration status adjustment. See Pinho, 432 F.3d at 195; see also In re Pickering, 23 I. & N. Dec. 621 (B.I.A. 2003).

The Third Circuit further held that when a court issues a vacatur order without delineating the reasons for such an order, the basis for a vacated conviction must only rely on the record. Pinho, 432 F.3d at 215.  Despite the Order's[4] language in which Mr. Pinho's PTI placement is referenced, the Third Circuit refused to accept the "fact that the parties agreed to settle rather than proceed to trial on the ineffective assistance claim" as dispositive. Id. at 211.  Rather, it emphasized the unanswered motion - the only pleading in the matter - which sought a vacatur based on ineffective counsel. Id.  The Third Circuit refused to "find a motive"in the plea agreement between the County Prosecutor and Mr. Pinho "that is nowhere stated in the record,"

---

[4]All charges against Mr. Pinho were dismissed by a May 21, 1998 Order stating, "[t]he Court having considered the report of the Pretrail Intervention Program concerning the defendant's participation . . . It is on this 21st day of May 1998 ORDERED that the . . . indictments . . . be dismissed . . ."  Order of Dismissal, New Jersey v. Pinho, No. 1009-6-92 (N.J. Super. Ct. May 21, 1998).

lest judges and prosecutors be subjected to testifying at immigration proceedings. Id. at 211-12. In order to guide current and future decisions where the basis for a vacatur order is unclear, the Third Circuit held that courts may not consider any evidence outside the record. Id. at 215.

## II. DISCUSSION

The legal basis for Plaintiffs' post-conviction relief remains ambiguous since, although the PTI admission and participation were not referenced in Mr. Pinho's application for post-conviction relief, the Superior Court Judge observed that "since Mr. Pinho has been accepted into PTI, I think the previous judgment of conviction can be vacated." Pinho, 432 F.3d at 196-98. Nevertheless, it is evident that the Superior Court had at its disposal Mr. Pinho's filed motion in which he raised an ineffective assistance of counsel argument as his only ground for post-conviction relief. Id. at 196. It also is clear from the record that the prosecution did not contest that assertion. Id. Although Mr. Pinho subsequently was enrolled in a PTI and the order of dismissal referenced that placement, this Court cannot postulate that such enrollment was the basis for the post-conviction relief absent more explicit evidence on the record and must accept Plaintiffs' contention that the vacatur was attributable to ineffective counsel as credible. Id. at 215.

In re Pickering established that, when a vacated conviction is based on a legal defect in the underlying criminal proceedings, the respondent "no longer has a 'conviction' within the meaning of 8 U.S.C. § 101(a)(48)(A)." 23 I. & N. Dec. at 624. Applying the analysis used by the Third Circuit, this Court holds that the vacatur expunged Mr. Pinho's conviction for immigration purposes, based upon the absence of evidence establishing otherwise. See Pinho,

432 F.3d at 215.  The vacated conviction can no longer bar Mr. Pinho from adjusting his immigration status.  As was emphasized by the Third Circuit, a district court lacks the authority to grant such an adjustment.  Accordingly, this Court may only make the determination that the INS's denial of adjustment was inappropriate.  See id. at 216.

### III.  CONCLUSION

For the reasons stated, Defendants' motion to dismiss is **denied** and Plaintiffs' motion for summary judgment is **granted**.  An appropriate Order accompanies this Opinion.

    S/ Dennis M. Cavanaugh
    DENNIS M. CAVANAUGH, U.S.D.J.

Date:      July 31, 2006
Original:  Clerk's Office
Copies:    All Counsel of Record
           The Honorable Mark Falk, U.S.M.J.
           File